UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FREDERICK LOUIS WARD,

    Plaintiff,

v.

GEMMA GREENE WALDRON; et al.,

    Defendants.

3:10-cv-0306-LRH-RAM

<u>ORDER</u>

Before the court is defendant Gemma Greene Waldron's ("Waldron") motion to dismiss filed on July 21, 2010 (Doc. #18[1]) and defendants Chester A. Adams; City of Sparks, Nevada; and Thomas F. Riley's ("collectively Sparks defendants") motion to dismiss filed on August 17, 2010 (Doc. #27). Plaintiff Frederick Louis Ward ("Ward") filed oppositions to both motions. Doc. ##26, 33.

Also before the court is Ward's motion to file a second amended complaint. Doc. # 31.

**I.     Facts and Procedural History**

Defendant Waldron is a private attorney who represented plaintiff Ward in a separate civil rights action against various defendants including the Sparks defendants. In that action, *Ward v. State of Nevada,* case no. 3:09-cv-0007-RCJ-VPC, Ward brought various claims for violations of

---

[1] Refers to the court's docket entry number.

his constitutional rights arising out of his arrest in the City of Sparks, Nevada. *See* Doc. #5, case no. 3:09-cv-0007-RCJ-VPC. During that action, defendants filed a series of motions to dismiss which were granted by the court. As a result of these dismissals, Ward terminated Waldron.

On June 3, 2010, Ward filed the present complaint against Waldron alleging three causes of action: (1) violation of constitutional rights under 42 U.S.C. § 1983; (2) conspiracy to violate constitutional rights under 42 U.S.C. § 1985(3); and (3) a Fourteenth Amendment Due Process violation. Doc. #8. Ward alleges that Waldron conspired with the defendants and defendants' counsel to violate his Due Process rights in his previous case by filing a complaint and representing him in an action that was ultimately dismissed by the court. On July 14, 2010, Ward amended his complaint to add the Sparks defendants as new parties to the action. *See* Doc. #15.

Thereafter, defendants filed the present motions to dismiss. Doc. ##18, 27.

## II.   Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

**III.  Waldron's Motion to Dismiss (Doc. #18)**

   **A.  42 U.S.C. § 1983**

To prevail on a claim brought under 42 U.S.C. § 1983, a plaintiff must allege that the defendant: (1) while acting under color of any statute, ordinance, regulation, custom or usage of any State or territory; (2) subjects, or causes to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *Cohen v. Norris*, 300 F.2d 24, 30 (9th Cir. 1962); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Here, Waldron is a private citizen who was not acting pursuant to any state authority. Accordingly, Ward cannot maintain a Section 1983 action against her. *See Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (holding that liability under 42 U.S.C. § 1983 requires state action).

   **B.  42 U.S.C. § 1985**

To prevail on a conspiracy claim brought under 42 U.S.C. § 1985(3), a plaintiff must allege that: (1) there was a conspiracy involving the defendant; (2) for the purpose of depriving the plaintiff of his constitutional rights; (3) an act in furtherance of the conspiracy; and (4) a resulting injury. *See Sever v. Alaska Pulp Co.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Further, an essential element of a Section 1985(3) is that there must be some racial or otherwise class-based discriminatory animus for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-269 (1993).

Here, there are no allegations in Ward's complaint that Waldron acted with a racially, or otherwise class-based, discriminatory animus. Therefore, he fails to allege sufficient facts to give

rise to an actionable claim for a conspiracy under Section 1985(3).

### C.  Fourteenth Amendment

To establish a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that: (1) there was an underlying constitutional violation; and (2) that the alleged deprivation of rights was caused by a person acting under the color of state law. *See Hernandez v. New York*, 500 U.S. 352, 372-373 (1991); *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Waldron is a private citizen who was not acting pursuant to any state authority. Because Waldron was not acting under the color of state law, Ward cannot maintain an action for violation of the Fourteenth Amendment against her. *See Hernandez*, 500 U.S. at 372-373. Accordingly, the court shall grant Waldron's motion to dismiss as to all claims.

## IV.  Sparks Defendants' Motion to Dismiss (Doc. #29)

### A.  42 U.S.C. § 1983 and Fourteenth Amendment

Ward's allegations against the Sparks defendants for his Section 1983 and Fourteenth Amendment claims are duplicative of the separate civil rights action filed in case no. 3:09-cv-0007-RCJ-VPC. *See* Doc. #5, case no. 3:09-cv-0007-RCJ-VPC. Ward still seeks relief from the Sparks defendants for his arrest in the City of Sparks, Nevada and fails to raise any new allegations of claims for relief. Accordingly, the court shall dismiss these causes of action as duplicative and redundant of the complaint filed in case no. 3:09-cv-0007-RCJ-VPC which is still ongoing. *See Adams v. California Dep't of Health Services*, 487 F.3d 684, 692 (9th Cir. 2007) (holding that dismissal of duplicative complaints and claims appropriate when there are no new allegations or claims for relief).

### B.  42 U.S.C. § 1985

To prevail on a conspiracy claim brought under 42 U.S.C. § 1985(3), a plaintiff must allege that: (1) there was a conspiracy involving the defendant; (2) for the purpose of depriving the plaintiff of his constitutional rights; (3) an act in furtherance of the conspiracy; and (4) a resulting

4

1 injury. *See Alaska Pulp Co.*, 978 F.2d at 1536; *Addisu*, 198 F.3d at 1141. Further, an essential
2 element of a Section 1985(3) is that there must be some racial or otherwise class-based
3 discriminatory animus for the conspiracy. *Alexandria Women's Health Clinic*, 506 U.S. at 268-269.
4     Here, there are no allegations in Ward's complaint that the Sparks defendants acted with a
5 racially, or otherwise class-based, discriminatory animus. Therefore, he fails to allege sufficient
6 facts to give rise to an actionable claim for conspiracy. Accordingly, the court shall grant the
7 Sparks defendants' motion to dismiss as to all claims.

8 **V.     Ward's Motion to File Second Amended Complaint (Doc. #31)**

9     Ward seeks leave to file a second amended complaint in this action to add additional claims
10 against Waldron for violation of the Nevada Rules of Professional Responsibility and other state
11 law violations. Ward's second amended complaint does not raise any new federal causes of action.
12 Because the court has found that Ward's federal causes of action should be dismissed, the court
13 would be without jurisdiction to hear the new state law claims. Therefore, the court finds that it
14 would be imprudent to allow amendment of the complaint to add state law claims over which the
15 court could not exercise jurisdiction. Accordingly, the court shall deny Ward's motion for leave to
16 file a second amended complaint.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

1    IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #18) is
2 GRANTED. Defendant Gemma Greene Waldron is DISMISSED as a defendant in this action.
3    IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. #27) is GRANTED.
4 Defendants Chester A. Adams; the City of Sparks, Nevada; and Thomas F. Riley are DISMISSED
5 as defendants in this action.
6    IT IS FURTHER ORDERED that defendant's second motion to dismiss (Doc. #29) is
7 DENIED as moot.
8    IT IS FURTHER ORDERED that plaintiff's motion for leave to file a second amended
9 complaint (Doc. #31) is DENIED.
10   IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.
11   IT IS SO ORDERED.
12   DATED this 25th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE